UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11508-RGS

LAURA ABIGAIL HUMPHREY

v.

COLE BOSKEY

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

October 17, 2014

STEARNS, D.J.

Laura Abigail Humphrey brought this Complaint against defendant Cole Boskey alleging that his negligent horseplay caused her to suffer a concussion and related injuries. Somewhat inexplicably, the Complaint was filed on the last conceivable day permitted by the statute of limitations on actions in tort, Mass. Gen. Laws. 260, § 2A. Boskey moved immediately to dismiss the Complaint, but was rebuffed by the court, which noted that under the discovery rule, the issue as it then stood, was not one of law, but fact - whether "a reasonably prudent person would have been aware of the harm prior to [June 25, 2010]" – and was therefore beyond the reach of a

motion to dismiss.[1]  *See* Dkt. # 8.  The court, however, added that, if after discovery, no material dispute of fact remained as to what Humphrey knew or should have known about her injury, the court would entertain a motion for summary judgment.  Boskey has now accepted the invitation and has refiled his motion for *brevis* disposition.

## BACKGROUND

On June 20, 2010, Humphrey, Boskey and Ruchit Kumbhani, a mutual friend, visited a public beach on Cape Cod.  Boskey and Kumbhani were roughhousing while Humphrey sat nearby reading.  Boskey threw a football in the direction of Kumbhani, which went off course and struck Humphrey on the left side of her head.  Humphrey shook off the blow and remained at the beach with her two friends.  Over the ensuing days, she began to experience symptoms of dizziness, nausea, and headache.  On the evening of June 25, 2010, Humphrey presented at the Emergency Room at Massachusetts General Hospital where she was diagnosed with a concussion.  Humphrey filed this Complaint on June 25, 2013, three years and five days after being hit in the head by the football.

## DISCUSSION

---

[1] The exception is the rare instance in which "the pleader's allegations leave no doubt that an asserted claim is time-barred."  *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 509 (1st Cir. 1998).

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Where summary judgment is sought on the basis of a statute of limitations, once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute." *McGuiness v. Cotter*, 412 Mass. 617, 620 (1992). An action in tort must ordinarily be brought within three years of the time the cause of action accrues. Mass. Gen. Laws ch. 260, § 2A. A cause of action accrues when a reasonably prudent person know, or should know, that she has been harmed. *See Felton v. Labor Relations Comm'n*, 33 Mass. App. Ct. 926, 928 (1992). However, as a matter of fairness, the statute of limitations is tolled when a plaintiff has been injured by an "inherently unknowable" wrong. *Flynn v. Associated Press*, 401 Mass. 776, 781 (1988); s*ee also Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 371 (2002) (the "inherently unknowable" standard is no different from and is used interchangeably with the "knew or should have known" standard).

Humphrey measures the critical day for statute of limitations purposes from June 25, 2010, the day she was diagnosed with a concussion. She argues that after the "initial shock" of the football's impact, she "didn't think anything of it," and continued with her normal activities, oblivious to the fact that she had suffered a subdural injury. Pl. Mem. at Ex. B (Humphrey Dep. at 13). She also notes Boskey's statement that in the aftermath of the accident, she appeared "okay as far as I could tell," Pl. Mem. at Ex. A (Boskey Dep. at 28), as well as Kumbhani's statement that there was no "indication that [Humphrey] was injured." Pl. Mem. at Ex. E (Kumbhani Dep. at 15).

Boskey, for his part, argues that the cause of action accrued on June 20, 2010, the day of the injury, citing Humphrey's testimony that the football hit her with "great force," and that she felt pain as a result. Compl. ¶ 8; Def. Mem. at Ex. F (Treatment notes for 8/10/10) ("She reports her head hurt briefly but then felt fine the remainder of the day.") and (Treatment notes for 8/5/2010) ("The football hitting her head hurt her, but she felt okay with no loss of consciousness, no dazed feeling, no other specific systems.") Boskey relies on the well-settled rule that a plaintiff need not be aware of the full extent or nature of the harm that she has suffered in order to trigger the running of the statute of limitations. *Lareau*

*v. Page*, 39 F. 3d 384, 388 (1st Cir. 1994). "'[T]he important point is that the statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused her injury.'" *Id.* at 388, quoting *Bowen v. Eli Lilly & Co, Inc.*, 408 Mass 204, 206 (1990). While this is true, it is also well settled that "factual disputes concerning when a plaintiff knew or should have known of [her] cause of action are to be resolved by the jury." *Riley v. Presnell*, 409 Mass. 239, 247 (1991).

The issue is admittedly a close one, particularly given the shifting to Humphrey of the burden of pleading facts that place her within the protection of the discovery rule. In this regard, Boskey's notice argument hinges on two pieces of proffered evidence. First, he cites Humphrey's testimony that she felt pain on being struck by the football. Humphrey's response is that the "pain" she referenced consisted only of the "initial shock" of an unexpected event that appeared to have no enduring consequences. Boskey's second piece of evidence is a conversation that Humphrey is alleged to have had with Kumbhani in which she stated that she might be suffering from a concussion. Boskey claims that the conversation occurred prior to June 25, 2010. Humphrey asserts that it did not take place until that day when she received the medical diagnosis of a

concussion.  *Compare* Def. Mem. at 4, citing Def. Mem. at Ex. D (Kumbhani Dep. at 15-16); *with* Pl. Mem. at 14-16.  As both pieces of evidence turn on assessment of credibility, the disputes as to their significance and timing are matters for a jury to resolve.  *See Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004) (citing Massachusetts law).

ORDER

For the foregoing reasons, defendant's motion for summary judgment is <u>DENIED</u>.  The Clerk will set the case for trial by jury on the next available trial date.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE